1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

DEREK J. BLOODWORTH,
CDCR# F-53229,

12

Plaintiff,

13
14

vs.

15
16
17

W. HART, et al.,

18
19
20

Defendants.

21
22

Civil No.   10-0128 DMS (AJB)

**ORDER:**

**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS,* IMPOSING INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [Doc. No. 2]; and**

**(2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**

23
24
25
26

        Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

27

/ / /

28

/ / /

## I.      MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's statement shows a current available balance of $21.85, an average monthly balance of $40.00, and average monthly deposits totaling $30.00. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses an initial partial filing fee of $8.00  pursuant to 28 U.S.C. § 1915(b)(1).

/ / /

1    However, the Secretary for the California Department of Corrections and Rehabilitation

2    or his designee, shall collect this initial fee *only if sufficient funds in Plaintiff's account are*

3    *available at the time this Order is executed* pursuant to the directions set forth below.  *See* 28

4    U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing

5    a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has

6    no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281

7    F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"

8    preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack

9    of funds available to him when payment is ordered.").  The remaining balance shall be collected

10   and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth

11   in 28 U.S.C. § 1915(b)(1).

12   **II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

13       The PLRA's amendments to 28 U.S.C. § 1915 also obligate the Court to review

14   complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated

15   or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for,

16   violations of criminal law or the terms or conditions of parole, probation, pretrial release, or

17   diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2)(B)

18   and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil

19   action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail

20   to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C.

21   §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

22   (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

23       **A.    42 U.S.C. § 1983**

24       To state a claim under § 1983, Plaintiff must allege that:  (1) the conduct he complains

25   of was committed by a person acting under color of state law; and (2) that conduct violated a

26   right secured by the Constitution and laws of the United States.  *Humphries v. County of Los*

27   *Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

28   / / /

     / / /

Plaintiff claims that on September 15, 2009 he was temporarily housed at the Imperial County Jail.  (*See* Compl. at 4.)  Plaintiff was escorted to the Imperial County Jail by correctional officers with the California Department of Corrections and Rehabilitation ("CDCR") because he was facing criminal charges related to his incarceration at Centinela State Prison.  (*Id.*)  Plaintiff was appointed advisory counsel to assist him with the preparation of his defense in the criminal matter.  (*Id.*)

Plaintiff claims that during a recess in the court proceedings, he was placed in the holding cell so that he could have a confidential meeting with his advisory counsel.  (*Id.* at 5.)  During this conference, Plaintiff alleges that Defendant Rodriquez could hear the privileged conversation between himself and Attorney Aulis which forced him to "abort his confidential conference with Attorney Aulis."  (*Id.* at 6.)

## B.    First Amendment claims

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).  "Prisoners have a First Amendment right to telephone access, subject to reasonable security limitations." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).  However, a prison regulation that impinges on an inmate's constitutional right "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987).  Moreover, the Court must consider whether "there are alternative means of exercising the right that remain open to prison inmates."  *Id.* at 90.

Here, while Plaintiff objects to the presence of a correctional officer while attempting to speak with his advisory counsel, he fails to allege the lack of a legitimate penological interest. Moreover, he fails to allege any fact regarding a lack of alternative means by which he could have communicated with his counsel.  Thus, Plaintiff's First Amendment claims are dismissed for failing to state a claim upon which relief may be granted.

/ / /

/ / /

/ / /

### C.    Fifth Amendment claims

Plaintiff claims that Defendant Rodriquez' "eavesdropping on plaintiff's attorney/client conference had an effect of compelling plaintiff to be a witness against himself in violation of the Fifth Amendment." (Compl. at 8.)  The Fifth Amendment to the United States Constitution provides in part that "no person . . .  shall be compelled in any criminal case to be a witness against himself."  U.S. CONST. amend. V.   Plaintiff alleges no facts that would support a Fifth Amendment claim.  While Plaintiff claims that the eavesdropping occurred during a recess of his criminal proceeding, he does not allege that he was in any "real or appreciable danger of self-incrimination." *McCoy v. Comm'r*, 696 F.2d 1234, 1236 (9th Cir. 1983). "If the threat is remote, unlikely, or speculative, the privilege does not apply." *Id.*

Here, Plaintiff fails to state sufficient factual allegations as to how any statements he made in the presence of Defendants would be used against him.   Accordingly, Plaintiff's Fifth Amendment claims are dismissed for failing to state a claim.

### D.    Sixth Amendment

Plaintiff further alleges that Defendant Rodriquez' "eavesdropping on plaintiff's confidential communications with Attorney Aulis was an improper governmental intrusion and interference with plaintiff's attorney/client relationship with counsel." (Compl. at 9.)  However, mere allegations of government intrusion of the attorney client privilege "is not sufficient by itself to cause a Sixth Amendment violation." *U.S. v. Hernandez,* 937 F.2d 1490, 1493 (9th Cir. 1991).  Rather the Plaintiff must allege and later demonstrate that he was actually prejudiced by these actions which Plaintiff fails to do. *Id.*  Accordingly, Plaintiff's Sixth Amendment claims are dismissed for failing to state a claim.

### E.    Retaliation claims

Plaintiff also alleges that Defendants retaliated against him after he requested that "Defendant J. Rodriguez cease eavesdropping on plaintiff's confidential community with Attorney Aulis." (Compl. at 11.) *See Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005) In order to prevail on a claim of retaliation, Plaintiff must be able to prove the following five factors: "(1) An assertion that a state actor took some adverse action against [Plaintiff]; (2)

1  because of (3) [Plaintiff's] protected conduct, and that such action (4) chilled [Plaintiff's]

2  exercise of his First Amendment rights, and (5) the action did not reasonably advance a

3  legitimate correctional goal."   *See Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005)

4  (citing *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813,

5  815-16 (9th Cir. 1994) (per curiam)).   Plaintiff has alleged no facts to suggest that the actions

6  of Defendants did not reasonably advance a legitimate correctional goal.   Accordingly,

7  Plaintiff's First Amendment retaliation claims are dismissed for failing to state a claim upon

8  which § 1983 relief can be granted.

9          **F.     State Law Claims**

10          Plaintiff also brings a number of state law claims in this action.   However, because

11  Plaintiff cannot identity a violation of a federal law, the Court exercises its discretion to dismiss

12  Plaintiff's pendent state law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district

13  court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ...

14  the district court has dismissed all claims over which it has original jurisdiction."); *United Mine*

15  *Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed

16  before trial, ... the state claims should be dismissed as well.");  *Acri v. Varian Assoc., Inc.*, 114

17  F.3d 999, 1000 (9th Cir. 1997) ("[O]nce judicial power exists under § 1367(a), retention of

18  supplemental jurisdiction over state law claims under 1367(c) is discretionary.").

19          Accordingly, the Court must DISMISS Plaintiff's Complaint for all the reasons set forth

20  above but will provide Plaintiff with the opportunity to amend his Complaint to correct the

21  deficiencies of pleading identified by the Court.

22  **III.    CONCLUSION AND ORDER**

23          Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

24          1.      Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]

25  is **GRANTED**.

26          2.      The Secretary of the California Department of Corrections and Rehabilitation, or

27  his designee, is ordered to collect the $8.00 initial partial filing fee assessed by this Order and

28   forward that amount to the Clerk of Court, *if those funds are available at the time this Order*

1  *is executed.* THE INITIAL PARTIAL FILING FEE SHALL BE CLEARLY IDENTIFIED BY

2  THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3        3.        The Secretary of the California Department of Corrections and Rehabilitation, or

4  his designee, is ordered to collect from Plaintiff's prison trust account the balance of the $350

5  filing fee owed in this case by collecting monthly payments from Plaintiff's prison trust account

6  in an amount equal to twenty percent (20%) of the preceding month's income credited to the

7  account and forward payments to the Clerk of the Court each time the amount in the account

8  exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL MONTHLY PAYMENTS

9  SHALL BE CLEARLY IDENTIFIED BY THAT NAME AND NUMBER ASSIGNED TO

10 THIS ACTION.

11       4.        The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

12 Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

13 Sacramento, California 95814.

14       **IT IS FURTHER ORDERED** that:

15       5.        Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim

16 upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

17 However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is

18 filed in which to file a First Amended Complaint which cures all the deficiencies of pleading

19 noted above.   Plaintiff's Amended Complaint must be complete in itself without reference to

20 his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-

21 alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,

22 567 (9th Cir. 1987).

23       **IT IS SO ORDERED.**

24

25 DATED:  February 3, 2010

26                                                  _____

27                                                  HON. DANA M. SABRAW
                                                   United States District Judge

28